NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re the Matter of:

RUBY RIZGALA, *Plaintiff/Appellee,*

*v.*

TOMAS MENDOZA, *Defendant/Appellant.*

No. 1 CA-CV 25-0987 FC
FILED 8-12-2026

Appeal from the Superior Court in Maricopa County
No.  FN2025-094129
The Honorable Richard J. Hinz, Commissioner

Mesa Municipal Court
No.  2024068198

**VACATED IN PART AND REMANDED**

COUNSEL

Tomas Mendoza, Phoenix
*Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Veronika Fabian and Judge Kent E. Cattani joined.

_____

**C A T L E T T**, Judge:

¶1        Tomas Mendoza ("Mendoza") appeals from an order of protection ("Order") prohibiting contact with Ruby Rizgala ("Rizgala") and her minor child ("Child") from a separate relationship.  The record supports the Order as to Rizgala.  But the record does not adequately support Child's inclusion.  So we affirm the Order in part and vacate it in part.

### FACTS AND PROCEDURAL HISTORY

¶2        On December 4, 2024, Rizgala obtained the Order against Mendoza in Mesa Municipal Court.  At that time, Mendoza and Rizgala were married but were getting divorced.  On December 16, Rizgala moved to modify the Order, asking the court to grant her exclusive use of her residence.  The court granted that request.  But for reasons unclear from the record, the court's amended Order also listed Child as a "minor family member or Protected Person[.]"

¶3        On October 16, 2025, Mendoza asked for a hearing, alleging Rizgala lacked custody of Child and had not contacted her for some time.  On October 21, the municipal court transferred the case to the Maricopa County Superior Court.

¶4        That court held a hearing on November 5, 2025.  During the hearing, the court clarified that of the four events Rizgala alleged, it would consider only three—those occurring within a year.  *See* A.R.S. § 13-3602(E)(2).  Rizgala testified about an argument the couple had on May 3, 2024.  She said Mendoza did not want her to be employed and had jealousy issues.  She also provided background information about their relationship, including when Mendoza lived with her.

¶5        Rizgala testified that on October 15, 2024, Mendoza pushed her onto a couch and choked her, although she sustained no injuries.  Rizgala stated that, because of fear and shock, she did not call the police or obtain an order of protection.

**¶6** The third event occurred on October 22 and 25, 2024. Rizgala's petition detailed a "typical day with the family" where she, Child, and Mendoza went for ice cream. Rizgala testified that a few days later, Mendoza became upset when she told him she was going to the gym without him. Their last contact was November 14, 2024.

**¶7** Mendoza disputed that the couple argued on May 3 or that he did not want Rizgala to work, though he admitted he believed Rizgala was cheating on him. Mendoza denied assaulting Rizgala on October 15. But he admitted he and Rizgala argued that day and while trying to retrieve his phone, he may have touched her.

**¶8** Mendoza argued that Child should not be included in the Order because Rizgala does not have custody over her. Mendoza also said he often visits Rizgala's adult daughter ("Yousif"), who lives with her biological father, as does Child.

**¶9** Mendoza called Yousif as a witness. She stated she moved in with Rizgala and Mendoza in October 2024. She said she was home on October 15 and did not witness a fight or argument between the parties. Yousif testified she and Rizgala had orders of protection against each other based on domestic violence. Yousif claimed to have temporary custody of Child starting sometime in December 2024.

**¶10** Rizgala contended that Yousif and Mendoza had a romantic relationship. Rizgala explained she and Child's biological father were litigating custody of Child in family court and they "share custody right now, temporary custody."

**¶11** The court took notice of several orders of protection the parties and Yousif obtained against one another. It found Rizgala was the "most credible party in the courtroom." The court found by a preponderance of the evidence that Mendoza committed domestic violence against Rizgala on October 15 by pushing her and placing his hands on her neck. So the court affirmed the Order as to Rizgala.

**¶12** After confirming with Rizgala that Child was not Mendoza's adoptive or biological child and noting the municipal court "intend[ed] to include [the] minor child on the [O]rder[,]" the court also affirmed the Order as to Child. The court said Rizgala "has a right to have that child included since that is not a child in common."

**¶13** Yousif sought clarification because Mendoza visits her at Child's biological father's home where she and Child live. The court

clarified that, no matter who has custody of Child or where she or Mendoza live, Mendoza could not see Child.

¶14 The court then issued an amended Order, prohibiting Mendoza from going to Rizgala's residence and from having any contact with Rizgala or Child.

¶15 Mendoza timely appealed. We have jurisdiction. A.R.S. §§ 12-2101(A)(5)(b), -120.21(A)(1); Ariz. R. Prot. Ord. P. 42(a)(2).

## DISCUSSION

¶16 Mendoza argues the court twice abused its discretion. First, by continuing the Order despite conflicting testimony and insufficient evidence regarding the October 15 incident. And second, by including Child in the Order despite Rizgala not having custody.

¶17 Rizgala did not file an answering brief. When an appellee does not file a brief and debatable issues exist, we may consider that failure a confession of error. *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 9 (App. 2014). Debatable issues exist when an appellant raises legal or factual questions not clearly answerable by settled law or the record. *Nelson v. Nelson*, 91 Ariz. 215, 217–18 (1962) (legal questions not squarely addressed by precedent are debatable).

¶18 One exception to the rule that an appellee confesses error by not filing an answering brief is when a child's best interests are at stake. *See Hoffman v. Hoffman*, 4 Ariz.App. 83, 85 (1966); *Solomon v. Solomon*, 5 Ariz.App. 352, 354 (1967). Because a child's best interests are at stake here, we decline to vacate the Order on grounds Rizgala did not file an answering brief. *See Hoffman*, 4 Ariz.App. at 85. We instead consider the appeal on its merits based on the opening brief and the record. *See* Ariz. R. Civ. App. P. 15(a)(2).

## I. Sufficient Evidence

¶19 An order of protection can be based on a single incident of domestic violence occurring less than a year before the petition. A.R.S. § 13-3602(E)(2). The superior court "may continue an order of protection after a contested hearing if the plaintiff proves the case by a preponderance of the evidence." *Vanwormer v. Lopez*, 259 Ariz. 87, __ ¶ 6 (App. 2025); Ariz. R. Prot. Ord. P. 38(g)(3). We review the superior court's decision for an abuse of discretion, construing the evidence most favorably to upholding it and giving due consideration to the court's credibility determinations.

*Vanwormer*, 259 Ariz. at __ ¶ 6. A court "abuses its discretion when it makes an error of law in reaching a discretionary conclusion[.]" *Michaelson v. Garr*, 234 Ariz. 542, 544 ¶ 5 (App. 2014). We review legal questions de novo. *Id.*

**¶20** The parties' testimony conflicted, but the court found that Rizgala was credible and Mendoza and Yousif were not. The court credited Rizgala's testimony that Mendoza assaulted her by pushing her onto a couch and strangling her. We defer to that credibility assessment. *See Vanwormer*, 259 Ariz. at __ ¶ 9. The court affirmed the Order based on this one instance of domestic violence. Because the record supports the court's finding, the court did not err.

## II.    Including Child

**¶21** A minor child can be included as a "specifically designated person" or "protected person" in an order of protection in several ways. *See* A.R.S. § 13-3602(A), (G)(3); Ariz. R. Prot. Ord. P. 5(b). A parent or guardian can petition for an order of protection on behalf of the child, but only when "there is reasonable cause to believe that physical harm may otherwise result." A.R.S. § 13-3602(A), (G)(3).

**¶22** The Arizona Rules of Protective Order Procedure ("Rules") distinguish between a legal relationship or lack thereof between the defendant and a child. *Compare* Ariz. R. Prot. Ord. P. 5(b)(1) *with* Ariz. R. Prot. Ord. P. 5(b)(2). "[R]easonable cause to believe physical harm may result or has resulted to the child" is required when the plaintiff seeks an order including defendant's child as a protected person. Ariz. R. Prot. Ord. P. 5(b)(1). But when a child and defendant have no legal relationship, the court, "upon request, may prohibit the defendant's contact with the child based on danger to the plaintiff." Ariz. R. Prot. Ord. P. 5(b)(2).

**¶23** The court did not find that Mendoza harmed or may harm Child, nor does the record contain evidence that he did or might do so. The only mention of Mendoza's interaction with Child is that Child, Mendoza, and Rizgala had a "typical family day" and went for ice cream. Still, the court found Mendoza poses a credible threat to Rizgala. So under Rule 5(b)(2), including Child as a protected person could be proper.

**¶24** Mendoza's argument, however, is not about the propriety of including Child as a protected person. He instead argues Rizgala was not an appropriate requesting person because she lacked legal decision-making authority. We agree that, absent an emergency, a parent who lacks legal decision-making authority cannot seek an order of protection on behalf of a child. *See* A.R.S. § 25-401(3), (6) (defining legal decision-making as right

to make "major decisions" or those relating to "all nonemergency legal decisions"); *Zarate v. Rios*, __ Ariz. __, __ ¶ 11, 2026 WL 1981027, *2 (App. 2026) ("Given [f]ather's sole legal decision-making authority, and the lack of any emergency, [m]other lacked the legal authority to petition for a protective order on [c]hild's behalf over [f]ather's opposition.").

**¶25**    The record is unclear whether Rizgala had legal decision-making authority over Child on December 16.  Because the record is ambiguous, we vacate and remand for the superior court to determine whether Rizgala had legal decision-making authority as of December 16, 2024.  If not, the superior court should vacate the Order as to Child.

## CONCLUSION

**¶26**    We affirm the Order as to Rizgala but vacate as to Child.  We deny as moot Mendoza's request to take judicial notice of the juvenile court's May 2025 minute entry.

